UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGE VERKLER, | CASE NO. C17-1876-JCC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner George Verkler's motion to vacate, set aside, or correct his sentence under 28 U.S.C. section 2255 (Dkt. No. 1) and motion for summary judgment (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Petitioner's motions for the reasons explained herein.

I. **BACKGROUND**

On August 4, 2015, this Court sentenced Petitioner George Verkler ("Petitioner") to 48 months in custody after he pled guilty to two counts of theft of public funds and two counts of aggravated identity theft. (Dkt. No. 1 at 1.) The Ninth Circuit dismissed Petitioner's direct appeal based on the waiver included in his plea agreement. *United States v. Verkler*, CR15-0041-JCC, Dkt. No. 17 at 15. Petitioner then filed a second appeal of various post-conviction motions, which the Circuit Court dismissed in part as untimely and denied in part as meritless. *Id*. at 76 at

2. Petitioner subsequently filed this section 2255 motion, raising nineteen grounds for relief. (Dkt. No. 1.) The Court dismissed fourteen grounds and ordered service and a response to the remaining five. (Dkt. No. 5.)

## II. DISCUSSION

To state a cognizable section 2255 claim, a petitioner must assert that he or she is in custody in violation of the Constitution or laws of the United States, that the district court lacked jurisdiction, that the sentence exceeded the maximum allowed by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A habeas petitioner bears the burden of showing by a preponderance of the evidence that an error occurred. *See Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938); *Simmons v. Blodgett*, 110 F.3d 39, 41-42 (9th Cir. 1997); *United States v. Doriety*, Case No. C16-0924-JCC, Dkt. No. 12 at 5-6 (W.D. Wash. 2016).

### A. Involuntary Plea (Ground Eight)

The Court will first address Petitioner's contention that his guilty plea was not knowingly and voluntarily made. (Dkt. No. 1 at 14.) Petitioner raised this issue on appeal. (*See* Dkt. No. 76 at 2.) The Ninth Circuit examined the underlying court records and rejected the claim, finding "no arguable issue as to the . . . voluntariness of the plea." (*Id*.) Having received a "full and fair opportunity to litigate [this claim] on direct appeal," Petitioner may not use it as a basis for his section 2255 petition. *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000); *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (a 2255 petition is not "a chance at a second appeal"). Petitioner is entitled to no relief on this ground.

### B. Breach of Contract (Ground Eleven)

Petitioner also argues breach of contract. (Dkt. No. 1 at 21.) He alleges his plea agreement is void because he received an excessive sentence for Counts 1 and 3, he was not correctly credited amounts paid and seized toward restitution, and a number of seized items were not returned to him. (*Id*. at 18–19.) These claims were also raised and denied on direct appeal. *United States v. Verkler*, No. 16-30001, Dkt. No. 12-1 at 14–15 (9th Cir. May 26, 2016) (raising

the same claim); (Dkt. No. 77 at 1) (Ninth Circuit ruling finding the claim "so insubstantial as not to require further argument"). Petitioner may not use this as a basis for his section 2255 petition. *Hayes*, 231 F.3d at 1139.[1] He is entitled to no relief on this ground.

### C. Standing (Grounds Two)

Petitioner argues the United States lacked standing to bring charges against him, because he did not steal federal funds. (Dkt. No. 1 at 7.) This claim too was raised and denied on appeal. *Verkler*, No. 16-30001, Dkt. No. 12-1 at 13; (Dkt. No. 77 at 1). Therefore, it is not a basis for section 2255 relief. *Hayes*, 231 F.3d at 1139.[2]

### D. Fraud in the Factum (Ground Ten)

Petitioner claims counsel led him to believe the charges against him for theft of public funds were misdemeanors. (Dkt. No. 1 at 16.) He argues that his resulting felony conviction therefore constitutes fraud. (*Id.*) Again, Petitioner raises a procedurally-barred issue, as it was previously examined and denied on direct appeal. No. 16-30001, Dkt. No. 12 at 26; (Dkt. No. 77 at 1); *Hayes*, 231 F.3d at 1139.[3] Petitioner is not entitled to relief on this ground.

### E. Ineffective Assistance of Counsel (Ground Three)

Finally, Petitioner claims ineffective assistance of counsel.[4] (Dkt. No. 1 at 7.) To

---

[1] Petitioner also fails to establish a factual basis for his assertions. His sentence fell within the range indicated in his plea agreement. (*See* Dkt. No. 17 at 2–3.) He presents no facts that would call into question the calculation of his restitution obligation. (*See id.* at 4–5.) Finally, Petitioner's own exhibits show that items seized were forfeited in the plea agreement, and the Government complied with its agreement to allow defense counsel to review seized materials and return certain documents and files to Petitioner. (Dkt. Nos. 17 at 5, 7, 1-4 at 21–22.)

[2] This claim also fails on the merits. Petitioner admitted in his plea agreement that "the money [he converted] belonged to the United States." (Dkt. No. 17 at 2, 8.)

[3] This claim is clearly contradicted by the record. Petitioner's plea agreement states that the maximum term of imprisonment for the crime of theft of government funds is ten years. (Dkt. No. 17 at 2.) During Petitioner's change of plea hearing, the judge explicitly explained that this crime was a felony. (Dkt. No. 9-2 at 12.) Petitioner acknowledged this fact and the consequences of a felony conviction. (*Id.* at 13.)

[4] Petitioner also alleges ineffective assistance of counsel in grounds eight and ten. (Dkt. No. 1 at 15, 18.)

establish ineffective assistance of counsel, a petitioner must show both that counsel's performance was objectively unreasonable and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An attorney's performance is "objectively unreasonable" when "in light of all the circumstances, [her] acts or omissions [are] outside the wide range of professionally competent assistance." *Id.* at 690. A petitioner suffered prejudice where he can establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.

Petitioner makes a number of complaints about the performance of each of his attorneys. He states that he dismissed his first attorney "for 12 reasons," and his next two "for 19 reasons," and raises a litany of more specific grievances about counsel who represented him at the plea, sentencing, and appeal stages of his case. (*See* Dkt. No. 1 at 7–9, 15.) However, the Court will not delve into the reasonableness of each specific allegation of error because Petitioner's claim clearly fails on the second prong of the *Strickland* test. *See Strickland*, 466 U.S. at 697 (courts may resolve ineffective assistance of counsel claims on the prejudice prong when able). Petitioner wholly fails to make a showing of prejudice. His motion simply lists the act and omissions that he feels his attorneys made in error and states that he was prejudiced. (*See* Dkt. No. 1 at 7–9, 15.) To succeed on his ineffective assistance of counsel claim, Petitioner must establish a reasonable probability that his case would have had a different outcome if counsel had not made the alleged errors. *Strickland*, 466 U.S. at 694. Petitioner's vague and conclusory allegations are insufficient to make this showing. *See Shah v. U.S.*, 878 F.2d 1156, 1161 (9th Cir. 1989). Petitioner is entitled to no relief on this ground.

### F. Evidentiary Hearing

The record before the Court conclusively shows that Petitioner is entitled to no relief. Therefore, the Court concludes that holding an evidentiary hearing or seeking additional briefing would serve no purpose, and Petitioner's request for collateral relief should be denied without conducting an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986);

*United States v. Moore*, 921 F.2d 207, 211 (9th Cir. 1990).

### G. Certificate of Appealability

A petitioner seeking collateral relief under § 2255 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that no reasonable jurist would disagree that petitioner has failed to state a claim upon which relief may be granted. A certificate of appealability is denied on all issues.

## III. MOTION FOR SUMMARY JUDGMENT

Petitioner filed a self-titled motion for summary judgment on his 2255 petition (Dkt. No. 10). The motion asserts that the Government failed to respond to his petition within the allotted time, and thus the Court must grant his petition on all issues. (*Id*. at 1.) Since the Government did, in fact, timely respond (Dkt. Nos. 7, 9), and the Court has found the record conclusively shows Petitioner is entitled to no relief, the Court DENIES Petitioner's motion for summary judgment (Dkt. No. 10).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion to correct, vacate, or set aside his conviction (Dkt. No. 1) and motion for summary judgment (Dkt. No. 10) are DENIED.

DATED this 7th day of June 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE