THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR15-0041-JCC |
| Plaintiff, | ORDER |
| v. | |
| GEORGE VERKLER, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for early termination of supervised release (Dkt. No. 132). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

In 2015, Defendant pleaded guilty to two counts of theft of government funds and two counts of aggravated identity theft. (*See* Dkt. Nos. 17 at 1–2, 18 at 1, 19 at 1.) On August 4, 2015, the Court sentenced Defendant to 48 months of confinement followed by three years of supervised release. (Dkt. No. 32.) The Court set Defendant's restitution at $237,328.00. (*Id*.)

Defendant now moves for early termination of his supervised release period. (Dkt. No. 132.) Defendant's argument in support of his motion is brief: "Mr. Verkler has worked hard to change his life and re-integrate himself into society. He presents no risk to the public and has

1 received punishment sufficient to deter him from committing future offenses. For these reasons,
2 early termination of supervision would be appropriate." (Dkt. No. 132 at 2.) The Government
3 and the Probation Office oppose Defendant's motion. (Dkt. No. 133.)

## II. DISCUSSION

The Court may terminate a term of supervised release after the completion of one year and "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate, the Court must consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, the need to provide the defendant with correctional treatment in the most effective manner, and the need to avoid disparity among similarly situated defendants. 18 U.S.C. § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014).

The Court has considered the § 3553(a) factors in light of Defendant's case and concludes that early termination of supervised release is not warranted at this juncture. The Court emphasizes several factors. Defendant's underlying criminal conduct was serious: he defrauded the Washington State Employment Security Department and the Oregon Employment Department of at least $237,328.00 by creating fictitious companies and submitting false claims for unemployment insurance benefits. (*See* Dkt. Nos. 28 at 2, 29 at 6–7.) Defendant currently "refuses to pay restitution" and "refuses to explore job opportunities recommended by his probation officer." (Dkt. No. 133 at 1.) And Defendant's history and characteristics further weigh against granting him early termination of supervised release: his conviction in this case was at least his second for serious financial crimes, (*see* Dkt. No. 28 at 3), and there is little evidence that Defendant has demonstrated remorse for his actions, (*see* Dkt. No. 133 at 2). Finally, maintaining Defendant's supervised release status will ensure that he continues to receive necessary mental health treatment. (*See id.* at 2–3.) Therefore, the Court finds that

Defendant's conduct since his release does not warrant early termination of supervised release and that, in consideration of the 18 U.S.C. § 3553(a) factors, early termination is not in the interests of justice.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for early termination of supervised release (Dkt. No. 132) is DENIED.

DATED this 14th day of April 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE